UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| FRANKLIN DEWEY SHAFFER, )<br>d/b/a REBEL PAWN SHOP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC HOLDER, Attorney General of the )<br>United States; U.S. DEPARTMENT OF )<br>JUSTICE; and BUREAU OF ALCOHOL, )<br>TOBACCO, FIREARMS, & EXPLOSIVES, )<br>)<br>Defendants. ) | Civil Action No. 1:09-00030<br>Senior Judge Echols<br>Magistrate Judge Knowles |

**STATEMENT OF UNDISPUTED FACTS**

1. Franklin Dewey Shaffer d/b/a Rebel Pawn Shop, 127 Depot Street, Lawrenceburg, Tennessee 38484 ("the plaintiff") held Federal Firearms License ("FFL") number 1-62-099-02-9D-38350, which authorized him to engage in business as a dealer, including pawnbroker, in firearms other than destructive devices, pursuant to the Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44.

**RESPONSE:**


2. In October 1998, Bureau of Alcohol, Tobacco and Firearms Inspector Melinda Whitworth conducted a compliance inspection of the plaintiff's licensed firearms business resulting in the plaintiff being cited with failing to obtain properly executed Firearms

Transaction Records, ATF Forms 4473 (ATF Forms 4473), in violation of 18 U.S.C. § 923(g)(1)(A) and then-27 C.F.R. §§ 178.21(a), 178.124.

**RESPONSE:**

3. A Report of Violations, stating the violation found, the legal citation for the requirement, and the mandatory corrective action, was issued as a part of this compliance inspection, which was signed by Inspector Whitworth and by Franklin D. Shaffer, the plaintiff.

**RESPONSE:**

4. In March 2000, ATF Inspector William Gallivan conducted a compliance inspection of the plaintiff's licensed firearms business, in which the plaintiff was cited with, among other things, a failure to obtain properly executed ATF Forms 4473 in violation of 18 U.S.C. § 923(g)(1)(A) and then-27 C.F.R. §§ 178.21(a), 178.124; and a failure to properly and timely enter acquisitions of firearms in the Acquisition and Disposition Record (A & D Record) in violation of 18 U.S.C. §§ 922(m), 923(g)(1)(A) and then-27 C.F.R. § 178.125(e).

**RESPONSE:**

5. A Report of Violations, stating the violation found, the legal citation for the requirement, and the mandatory corrective action, was issued as a part of this compliance inspection, which was signed by ATF Inspector Gallivan and by Kathleen Giles on behalf of the plaintiff.

**RESPONSE:**


6. On March 24, 2000, the plaintiff, by and through his agent and employee Kathleen Giles, was educated on the Federal requirements for FFLs by ATF Inspector Gallivan as a part of that inspection.

**RESPONSE:**


7. The plaintiff's employee, Kathleen Giles, signed an Acknowledgement stating that the basic requirements of the laws and regulations applicable to FFLs were thoroughly explained by Inspector Gallivan.

**RESPONSE:**


8. In a warning letter to the plaintiff dated June 26, 2000, ATF Acting Area Supervisor James G. Tyler discussed the violations found in the March 2000 inspection,

3

including the failure to record acquisitions in the A & D Record and violations concerning ATF Forms 4473. The letter stated in pertinent part:

> You are reminded that your Federal firearms license is conditioned upon your compliance with Federal laws and regulations. Repeat violations of those listed above [as disclosed in the 2000 inspection] will be viewed as willful, and may result in the revocation of your license.

**RESPONSE:**

9. The warning letter dated June 26, 2000, was sent via the United States Postal Service, Certified Mail, and was received and signed for by Kathleen Giles, the plaintiff's employee.

**RESPONSE:**

10. In April-May 2007 ATF Industry Operations Investigators Malcolm Lockridge, Joel Thomas, Shane Christian, Kathy Irwin and Eric Longnecker conducted another compliance inspection at the plaintiff's premises.

**RESPONSE:**

4

11. Following the April-May 2007 compliance inspection Investigator Lockridge prepared a Report of Violations in which he cited the plaintiff with, among other things:

a. Transferring firearms where the plaintiff had reason to believe the transferee was prohibited on 16 occasions, in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99©;

b. Making a false entry in the A & D Record and in the plaintiff's copy of a Theft/Loss Report previously filed with ATF, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.125(e);

c. Failing to make accurate and timely entries in the A & D Record of the acquisition of 17 firearms, in violation of 18 U.S.C. §§ 922(m) and 923(g)(1)(A), and 27 C.F.R. § 478.125(e);

d. Failing to obtain properly completed ATF Forms 4473 in 24 instances in violation of 18 U.S.C. §§ 922(m) and 923(g)(1)(A), and 27 C.F.R. § 478.124©; and

e. Failing to report dispositions of multiple handguns as required on 13 occasions regarding a total of 27 firearms, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a.

**RESPONSE:**

12. As a part of the 2007 inspection, Investigator Lockridge reviewed his findings with the plaintiff and provided the plaintiff with a Report of Violations stating the violations found, the legal citation for the statutory and regulatory requirements, and the required
5

corrective actions, which was signed by Investigator Lockridge and the plaintiff, Franklin Shaffer.

**RESPONSE:**


13. On May 2, 2008, Harry McCabe, Director, Industry Operations ("DIO"), Nashville Field Division, ATF, served the plaintiff with a Notice of Revocation of License, ATF Form 4500 ("Initial Notice").

**RESPONSE:**


14. The Initial Notice notified the plaintiff of his opportunity for a hearing to review the revocation, pursuant to 18 U.S.C. § 923(f) and 27 C.F.R. § 478.74, provided that the plaintiff, within fifteen days from the date of the receipt of the Initial Notice, made a proper request for hearing to the DIO.

**RESPONSE:**


15. On May 13, 2008, by his attorney, John I. Harris, III, the plaintiff sent ATF a timely request for an administrative hearing.

**RESPONSE:**

16. On November 4, 2008, an administrative hearing reviewing the revocation of the plaintiff's license was held at the ATF Office in Brentwood, Tennessee, before ATF Hearing Officer Deborah Rankin.

**RESPONSE:**


17. At the administrative hearing in this matter, the Licensee admitted knowledge of the requirements of holding a Federal firearms license.

**RESPONSE:**


18. The plaintiff admitted that he knew the firearms business is heavily regulated.

**RESPONSE:**


19. The plaintiff further admitted that he was "aware that maintaining a federal firearms license is contingent upon compliance with the laws and regulations."

**RESPONSE:**


20. The plaintiff also admitted that he knew that the acts and omissions of all the people working for him were his responsibility.

**RESPONSE:**

21. The plaintiff admitted he had a copy of the current Federal Firearms Regulations Reference Guide at his business.

**RESPONSE:**


22. The plaintiff admitted that he had previously received publications from ATF, including letters that were directed to all licensees when a new law was passed or clarifying particular questions.

**RESPONSE:**


23. The plaintiff admitted to having previously seen the Reports of Violations and Acknowledgements of regulations applicable to FFLs.

**RESPONSE:**


24. The plaintiff admitted to having signed the 1998 Report of Violations and admitted to recognizing the other signatures on other documents, including the 2000 and 2007 Reports of Violations as those of his employees.

**RESPONSE:**


25. Following administrative hearing on November 4, 2008, the Hearing Officer forwarded the Hearing Officer's Report summarizing the presentations of both parties to DIO Harry McCabe for review of the evidence and arguments presented at the hearing

8

**RESPONSE:**

26. After consideration of the evidence and arguments from the hearing, applicable laws and regulations, and the Hearing Officer Report, on April 9, 2009, DIO Harry McCabe issued a Final Notice of Denial of Application or Revocation of Firearms License, ATF Form 5300.13, (Final Notice) to the plaintiff, which included Findings of Fact and Conclusions of Law.

**RESPONSE:**

27. As stated in this Final Notice, DIO McCabe concluded that the following allegations in the Initial Notice constitute willful violations of the GCA and the regulations promulgated thereunder:

a. Transfer of firearms where the Licensee had reason to believe the transferee was prohibited on 16 occasions, in violation of 18 U.S.C. § 922(d) and 27 C.F.R. § 478.99;

b. Making a false entry in the A & D Record and in the Licensee's copy of a Theft/Loss Report previously filed with ATF, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.125(e);

c. Failure to timely record the acquisition of 17 firearms in the A & D Record, in violation of 18 U.S.C. §§ 922(m), 923(g)(1)(A) and 27 C.F.R. § 478.125(e);

d. Failure to obtain properly executed ATF Forms 4473 in 24 instances, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. §§ 478.21(a), 478.124(c)(1); and

e. Failure to report multiple sales of two or more pistols and revolvers on 13 occasions regarding a total of 27 firearms, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. §§ 478.21(a), 478.126(a).

**RESPONSE:**

28. The plaintiff timely filed this action on June 5, 2009, seeking *de novo* review of ATF's decision.

**RESPONSE:**

Respectfully submitted,

EDWARD M. YARBROUGH

UNITED STATES ATTORNEY
MIDDLE DISTRICT OF TENNESSEE

By: s/ Michael L. Roden
MICHAEL L. RODEN
Assistant United States Attorney
B.P.R. No. 010595
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151
*Attorneys for Defendants*

10

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing STATEMENT OF UNDISPUTED FACTS was served on this 17th day of August 2009, by the Court's electronic filing system upon:

>John I. Harris, III
>SCHULMAN LeROY & BENNETT, P.C.
>Suite 700, 501 Union Street
>Post Office Box 190676
>Nashville, TN 37219-0676
>*Attorney for Plaintiff*

    s/ Michael L. Roden
    MICHAEL L. RODEN